## WILLIAM HEATON v. NELS P. NELSON.

*Fraudulent conveyances—Transfer of goods in payment of debt to mortgagee of the property.*

This case turns upon the validity of the sale of a stock of goods to pay a debt, as claimed, and involves questions of fact purely, which are held to have been properly submitted to the jury, who found in favor of the plaintiff.

Error to Muskegon. (Dickerman, J.) Argued February 7, 1889. Decided February 15, 1889.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Smedley & Irwin* (*H. L. Delano,* of counsel), for appellant.

*Clink & Jones,* for plaintiff.

CHAMPLIN, J. This action is trover to recover the value of a stock of goods which the plaintiff claimed to own by virtue of a bill of sale from one Henry Barry, and which stock of goods was seized by the defendant,

who was sheriff, by virtue of a writ of attachment against the goods and chattels of Henry Barry, who in 1887 was doing business in the village of Ravenna, Muskegon county, Mich. He kept a drug-store, and carried a stock of drugs, groceries, notions, etc. He was indebted to various wholesale houses in Grand Rapids, Mich., and among others, to the Hazeltine & Perkins Drug Company. He was also indebted to William Heaton, the plaintiff in this suit, who was a farmer living about five miles from Ravenna, for money loaned at different times, amounting, on December 13, 1887, to $700; and to secure the paymemt of this sum Heaton, on December 13, took from Barry a chattel mortgage on his stock of goods, conditioned to pay Barry's note of $700 on or before February 13, 1888. On January 19, 1888, Heaton took possession of the stock of goods by virtue of the mortgage, and closed the store. He made an inventory and appraisal of the goods, and they amounted to $955. He claimed to be fearful that a forced sale under the mortgage would not realize sufficient to pay the indebtedness due him, and he went to Barry on January 23, and prevailed upon him to give him a bill of sale of the entire stock, including fixtures and furniture, in payment of the debt owing by Barry to him. This was done, and the debt discharged, the bill of sale stating that it was made in payment of a debt of $700 owing said Heaton, for which Barry had given Heaton a chattel mortgage. Heaton then took possession of the goods under the bill of sale.

On January 25 the Hazeltine & Perkins Drug Company attached the goods as Barry's and commenced to make an inventory, claiming that the bill of sale was fraudulent and void as to them; or, if otherwise, that it was taken as an additional security merely to the chattel mortgage, and that there was a surplus of property sub-

ject to attachment. The sheriff made an appraisal of the attached property, which amounted to $1,012. The plaintiff then brought this action of trover against the sheriff.

The defense in the court below was based upon the claim that the bill of sale to Heaton was fraudulent as to the creditors of Barry, and void. The principal badges of fraud relied on were the embarrassed financial condition of Barry, which was known to the plaintiff; the inadequacy of the consideration given for the goods; and that the debt was not in fact discharged. The difference between the debt due to plaintiff and the value of the goods attached was about $312. But from the appraised value, so far as it affects the rights of creditors, must be deducted the exemption which the law gives the debtor, namely, $250; making the difference, so far as creditors' rights were concerned, of $62 over the debt to plaintiff.

Upon the point that the debt was not discharged, it appeared that the chattel mortgage had not been discharged of record, nor the note of hand given up and canceled, and defendant relied upon these facts to show that there was no consideration for the purchase of the goods. Aside from the statement contained in the bill of sale, there was testimony introduced by plaintiff tending to show that the debt of Barry to him was by the transaction fully paid and discharged. These were all questions of fact, however, and were submitted to the jury upon the testimony, and in addition to the general verdict for the plaintiff they found that the bill of sale from Barry to the•plaintiff was not given as additional security.

As the charge was entirely fair, and presented the points in issue between the parties fully to the jury, and the law thereon more favorable to defendant than he was entitled to, it is not necessary to recapitulate it here,

and, as we find no error in the admission or rejection of testimony, the judgment will be affirmed.

The other Justices concurred.